## GLADYS ALBANESE
*vs.*
## EDMUND F. KERIN ET AL.

Superior Court          Hartford County          File No. 72693

MEMORANDUM FILED MAY 16, 1945.

*Harold J. Eisenberg,* of New Britain, for the Plaintiff.

*Martin E. Gormley,* of New Haven, for the Defendant.

McEVOY, J. The plaintiff and seven other minors were riding in a Ford sedan, operated during part of the journey

by one of the eight, Richard Urso, and just prior to and at the time of the incident out of which this claim arises, by the defendant, Richard E. Kerin, whose sixteenth birthday was April 10, 1944. The incident occurred on October 2, 1944.

The plaintiff has alleged that Edmund F. Kerin was the owner of the car in which the plaintiff was a passenger and, upon that claim, Edmund F. Kerin is joined as a defendant. The evidence shows that the defendant, Edmund Kerin, was the father of the defendant, Richard Kerin.

On May 17, 1944, the car was purchased for the sum of $200. The defendant, Edmund Kerin, paid the sum of $200. Of this sum, the first $100 was given by Richard Kerin to his father, Edmund Kerin, and, subsequently, the second $100 was turned over, in installments, by Richard Kerin to his mother, for the use of his father, Edmund Kerin. The defendant, Edmund Kerin, testified that the car was registered in his, Edmund's name, "because it could not be registered in Richard's name."

There was no denial in the evidence, of this testimony of the defendant, Edmund Kerin. It is found that, on October 2, 1944, the day of the incident and injury to the plaintiff, that the car was owned by the defendant, Richard Kerin, and not by the defendant, Edmund Kerin.

The evidence also shows that the defendant, Richard Kerin, had procured an operator's license prior to October 2, 1944.

The defendant, Edmund, paid the registration fee of the car and also the premiums for the insurance on the car. The latter fact may have some bearing upon the institution of the various actions against the defendant, Edmund Kerin.

Prior to October 2, 1944, new shock absorbers had been installed upon the car. The defendant, Richard Kerin, expressed a desire to "try out" the new shock absorbers and, for that purpose, the car was driven several times over a rough, bumpy road.

Just prior to the injurious incident, the car was being operated by the defendant, Richard Kerin, in a reasonable manner and at a speed not exceeding thirty miles per hour, on the driver's left-hand side of the road. While being so operated one of the wheels struck a "bump" on the road and this

happening threw the car out of control so that the car ran along the road for several hundred feet and struck several trees on the right-hand side of the road which, in turn, caused the car to capsize on its left side and on the left-hand side of the road. All of the passengers, including the plaintiff, were thrown out of the car and were injured more or less seriously.

Subsequent to the happening of the incident of October 2, 1944, a representative of the insurance company visited and took statements from the occupants of the car. It is a singular thing that the statements contain answers to questions which were gone over thoroughly between the representative of the insurance company and the various signers of these statements and one of them was made in the presence of the father and mother of the person who signed the statement.

Notwithstanding the care with which the statements were taken and subsequent review of them, it was testified upon the trial that some of the various answers contained in these statements were known by the signers of them to be untrue and that some of these statements were arranged by some of the occupants of the car to be given in contradiction of the true facts.

This was particularly important as to the answers given as to the driver of the car. Invariably the statements given by this plaintiff, and some of the others, were to the effect that the car was, at all times, operated by the defendant, Richard Kerin. Upon the witness stand various witnesses, including some of the passengers in the car, testified that, for some time prior to the happening of the injurious incident, the car had been operated by one of the passengers, Richard Urso, and that, just prior to the happening of the injurious incident, the car was operated by the defendant, Richard Kerin.

It is difficult to understand the reason for this change of statement and testimony.

In addition to the present action the case of Joanne Biagiotti was tried at the same time that this action was tried.

There is also pending, in the Superior Court for Hartford County, the action of another passenger in the car, Olga Rocco, against the same defendants as are named in this action.

The companion cases, which were tried together, that is, the cases of Joanne Biagotti and Gladys Albanese, were returned to the Superior Court for Hartford County on the first Tuesday of February, 1945.

The action of the passenger, Olga Rocco, was returned to the Superior Court for Hartford County on the first Tuesday of May, 1945.

Prior to that time an action, No. 72964, was brought on behalf of two plaintiffs, Patricia Kerin and Robert Kerin, acting by Mabel G. Kerin, legal guardian of both of those plaintiffs, returnable to the Superior Court for Hartford County on the first Tuesday of March, 1945.

The allegations are practically the same in all three actions.

On March 13, 1945, the defendant, Edmund Kerin, in Case No. 72964, through his attorney, Martin E. Gormley, Esq., filed a motion for more specific statement as follows: "The defendant, Edmund Kerin, respectfully sets forth:

"1. That he is the father of both plaintiffs and that the next friend through whom they bring this action is their mother and this defendant's wife with whom he cohabits.

"2. That the plaintiffs are minor children of his and Mabel G. Kerin, their next friend in this action, and live with him in his household.

"3. That the plaintiffs are unemancipated minor children of this defendant.

"4. It is in the interests of justice, clarity of issue and a speedy and facile determination of the issues that plaintiffs be required to amend their complaint by stating, and this defendant moves that they be required to amend their complaint to state:

"(a) The blood relationship between plaintiffs and this defendant.

"(b) Whether plaintiffs, if they be minor children of this defendant as set forth, are emancipated or unemancipated minor children of this defendant."

No more specific statement was filed. Thereafter, on April 2, 1945, the plaintiffs in the action of Mabel G. Kerin et al. filed an amendment to their complaint setting out that the operation of the car, by the defendant, Richard Kerin, was "with the express permission of the defendant, Edmund Kerin."

Thereafter, on April 7, 1945, the plaintiff, Mabel G. Kerin, acting for her son and daughter, filed a withdrawal of her cause of action and of the cause of action of the minor plaintiffs against their father, the defendant, Edmund Kerin.

The defendants, in the instant action, have filed a special defense setting out assumption of risk on the part of the plaintiff in this action.

The allegations of assumption of risk were clearly sustained by the defendants upon whom rested the burden of proof in that respect.

Upon all the evidence it is inescapable that:

1. The defendant operator, Richard Kerin, was not negligent as alleged.

2. The plaintiff acquiesced in the proposal made among the passengers in the car that they would enjoy "the thrill" of riding over the bumpy and rough road and that this plaintiff and the defendant, Richard Kerin, were engaged in a common enterprise for that purpose within the terms of the special defense.

The issues are found in favor of the defendants upon the complaint and upon the special defense.

Judgment may enter accordingly.